IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF THE VIRGINIA
**Norfolk Division**



JASON J. DANGERFIELD

      **Plaintiff,**

v.

         Case No. ___2:16cv 305___

**PLAINTIFF DEMANDS TRIAL BY JURY**

WAVY BROADCASTING, LLC,
a Delaware Limited Liability Company

      SERVE:      Corporation Service Company (Registered Agent)
                     2711 Centerville Road, Suite 400
                     Wilmington, DE 19808

LIN TELEVISION CORPORATION
a Delaware Corporation, d/b/a 'LIN Media"

      SERVE:      Corporation Service Company (Registered Agent)
                     11 S. 12 Street
                     Richmond, VA 23218

               **Defendants.**

## COMPLAINT

COME NOW, the Plaintiff, Jason Dangerfield, by counsel, and for his Complaint states

as follows:

### Nature of Action

1.     This is an action at law for defamation.

### Parties

2.     The Plaintiff is a natural person, a private individual and resident of the State of

Florida, living in the Commonwealth of Virginia while, serving in the United States Navy.

Prior to the events giving rise to this lawsuit, the Plaintiff had a good reputation within the community at large.

3. The Defendant, WAVY Broadcasting, LLC (WAVY Broadcasting"), is a limited liability corporation organized in the State of Delaware, having its principal place of business in Providence, Rhode Island, and owns and operates the television station, WAVY (a.k.a., "WAVY TV" or "WAVY 10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia, by owning and operating WAVY's related website, http://www.wavy.com; and by owning and operating the television station, WVBT (a.k.a. "WVBT-TV," "WVBT-TV FOX," or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; and by owning and operating WVBT's related website, http://www.fox43tv.com.

4. Defendant LIN Television Corporation, d/b/a "Lin Media" ("Lin Television Corp."), is a corporation incorporated in the State of Delaware, having its principal place of business in Providence, Rhode Island, and is the Managing Member of WAVY Broadcasting. Lin Television Corp. owns and operates stations and websites in 17 U.S. markets, including, but not limited to, regularly doing business in the Commonwealth of Virginia by owning and operating the television station, WAVY (a.k.a., "WAVY-TV, or WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; by owning and operating WAVY's related website, http://www.wavy.com; by owning and operating WVBT (a.k.a., "WVBT-TV"; "WVBT-TV FOX" or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia,

2

and broadcasting throughout the Hampton Roads area of Virginia; and by owning and operating WVBT's related website, http://www.fox43tv.com.  With respect to all acts and omissions alleged herein, WAVY Broadcasting and LIN Television Corp. acted in combination as each other's representatives or agents and are collectively referred to herein as "the defendants."

## Jurisdiction and Venue

5.     This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28. U.S.C. § 13321(a)(1), as this action involves citizens of different states, and the asserted rights and interest of the Plaintiff in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs.

6.     The causes of action arose from the Defendants' acts and omissions in this judicial district.

7.     The unlawful actions committed by the Defendants occurred in this judicial district.  The Defendants are presently conducting, and regularly conduct, affairs and business activities, and did so at all times alleged herein, in this judicial district, by their respective ownership and operation of a television station, WAVY (a.k.a., "WAVY-TV, or WAVY-10," located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; WAVY's related website, http://www.wavy.com; the television station, WVBT (a.k.a. "WVBT-TV"; "WVBT-TV FOX" or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; WVBT-TV FOX's related website, http://www.fox43tv.com

3

8.     Venue over the claims of the Plaintiff is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2).

## FACTS

9.     Plaintiff is a Petty Officer First Class Helicopter Aircrewman within the United States Navy, and was so during the course of events alleged herein.

10.     On or about June 24 and/or June 25, 2015, Defendants, by and through their television station, WAVY-TV, Channel 10 ("WAVY-10"), broadcasted a television video news segment, and its website version on http://www.wavy.com, (hereinafter collectively referred to as the "newscasts"), falsely stated that "Hampton police have arrested a man accused of rape. According to a warrant, 35 year-old Jason Dangerfield raped a woman inside of her car. It happened back in May while the car was parked on Jefferson Avenue in Newport News. The victim was taken to a local hospital." The story aired during WAVY TV 4:00 p.m., 5:30 p.m., 10:00 p.m. and 11:00 p.m. newscasts. The foregoing statements referring to the Plaintiff are false. A copy of the photograph of the Plaintiff used in the false newscast is attached as Exhibit One.

11.     The Defendants deliberately or negligently placed the Plaintiff in a false light for the purpose of presenting a defamatory impression so as to create a sensational story, with total disregard to the damage the publication or newscasts would do to the reputation and working relationships with Plaintiff's peers and his family.

12.     Defendants defamatory statements, taken as whole, are libelous *per se*, because the false statements impute to the Plaintiff a criminal offense involving moral turpitude, that is,

if the allegations were true, he would be subject to indictment and criminal punishment. The defamatory statements prejudice the Plaintiff in his profession and his family relationships

13.     By publishing the defamatory statements alleged herein, the Defendants intended to, and did, charge the Plaintiff with being a rapist. The defamatory statements permanently stigmatized the Plaintiff as a rapist.

14.     The Defendants made statements regarding the Plaintiff with reckless disregard for the truth or falsity. The Defendants alleged the "[rape] happened back in May while the car was parked on Jefferson Avenue. . . ." On June 11, 2015, the Newport News Police Department issued a search warrant for the Plaintiff's DNA. On June 24 and/or June 25, 2105, the Defendants reckless y asserted the defamatory false statement that the Plaintiff had been arrested for rape by Hampton Police. The assertion was completely false. Defendants had two weeks from the date of the June 11, 2015 issuance of the search warrant to the June 24, 2015 false and defamatory broadcasts to ascertain whether the Plaintiff had been arrested for rape. Such information as to whether Plaintiff had been arrested for rape was readily available on the Newport News Police Department's website; The Newport News Sheriff Department's website, the Newport News Police Department Information Office, as well as the Newport News Circuit Court and Newport News General District Court websites. That the Plaintiff was arrested for rape appeared on none of the aforementioned websites. A check by the Defendants with any one of the several sources of such information would have revealed Plaintiff had not been arrested for rape at the time of the June 24, 2015 false and defamatory broadcast.

15.     The Defendants did not check with the Newport News Police Department website; the Newport News Sheriff's Department website, the Newport News Police

Department Information Office. as well as the Newport News Circuit Court and Newport News General District Court websites prior to June 24 broadcast. The statements were made with such gross indifference and recklessness as to amount to a wanton and willful disregard of the Plaintiff's reputation and rights.

16.     The Defendants acted negligently in failing to ascertain the whether the Plaintiff had been arrested for rape.

17.     The false statements proximately caused the Plaintiff special damages. as well as *"per se"* damages. including. but not limited to. pecuniary loss. damage to reputation and standing in the community. embarrassment. humiliation and mental suffering.

18.     The publication of such defamatory statements was intended to refer to the Plaintiff. and were so understood by those upon reading or hearing of such defamatory statements.

19.     The defamatory statements alleged herein were authored by the Defendants. by and through their television station WAVY-10. and WVBT-TV FOX's related website. http://www.fox43tv.com. The defamatory statements were published with actual. and apparent approval. and ratification of the Defendants. and the statements proximately caused special and general damages to the Plaintiff.  The statements caused the Plaintiff injury to reputation. embarrassment. humiliation. and emotional distress.

## Count II: Libel *Per Se*

20.     The Plaintiff herein incorporate by referenced into this count all of the allegations appearing elsewhere in this Complaint.

21.     The statements authored by the Defendants, by and through their television station WAVY-10, and published or broadcasted by the Defendants, by and through their WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com., referred to herein are libelous, *per se*, because the false statements imputes to the Plaintiff a criminal offense involving moral turpitude, that is if the allegations were true, he would be subject to indictment and criminal punishment. The statements, individually and taken together as a whole, prejudice the Plaintiff in his profession with the United States Navy and family and personal relationships, casting him as rapist.

## Count II:     Libel

22.     The Plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

23.     The statements authored by the Defendants, by and through their television station WAVY 10 and published or broadcasted by Defendants, by and through their television station, WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, referred to herein have caused, are causing and will cause the Plaintiff injury to his reputation, name and have held, and will hold, him up to public scandal, and/or ridicule, and have caused, are causing and will cause him embarrassment, humiliation and mental suffering. The statements were calculated to, and do hold the Plaintiff up to public scorn, hatred, and ridicule, by such publication, the Defendants did injure the Plaintiffs' reputation in the community at large. The Plaintiff has been injured in reputation and good standing in the community in which he lives.

7

### Count III: Libel *Per Quod*

24.   The Plaintiff herein incorporates by reference into this count all of the allegations appearing elsewhere in this Complaint.

25.   The statements authored by the Defendants, by and through their television station WAVY-10, and published or broadcasted by the Defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, referred to herein are libelous *per Quod*, because, with reference to the extrinsic facts, the statements impute to the Plaintiff a criminal offense involving moral turpitude, that is if the allegations were true, he would be subject to indictment and criminal punishment. The statements, individually and taken together as a whole, prejudice the Plaintiff in his profession with the United States Navy and family and personal relationships, casting him as rapist.

### Prayer for Relief

WHEREFORE, Plaintiff requests this Court to enter judgment for the Plaintiff, Jason J. DANGERFIELD, against the Defendants, WAVY Broadcasting, LLC. And LIN Television Corporation, d/b/a "LIN Media," jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00), as compensatory damages, plus interest at the maximum rate allowed by law on the entire judgement from the date of June 24, 2015, until paid.

### Plaintiff Demand a Trial By Jury

Plaintiff, Jason Dangerfield, demands a trial by jury.

JASON J. DANGERFIELD

_____// __David J. Allmond_____

David J. Allmond, Esquire
VSB #32649
Marcari, Russotto, Spencer & Balaban, P.C.
501 Baylor Court, Suite 200
Chesapeake, VA 23320
Telephone:    (757) 963-2800
Facsimile:     (757) 963-0750
Email: davida@mrslawfirm.com

## Certificate of Mailing

The undersigned hereby certifies that on the ___16th___ day of June 2016, the foregoing Complaint was mailed, postage prepaid, to WAVY Broadcasting, LLC, at Corporation Service Company (Registered Agent) 2711 Centerville Road, Suite 400, Wilmington, DE 19808, LIN Television Corporation, at Corporation Service Company (Registered Agent), 11 South 12th Street, Richmond, VA 23218, and Craig Merritt, Esquire, Christian & Barton, 909 East Main Street, Suite 1200, Richmond, Virginia 23219-3005

_____//___David J. Allmond_____