UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN - 5 2017
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JASON DANGERFIELD,

    Plaintiff,

v.                                                  Civil No. 2:16cv305

WAVY BROADCASTING, LLC,
LIN TELEVISION CORPORATION, and
MEDIA GENERAL BROADCASTING, LLC,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Defendants WAVY Broadcasting, LLC ("WAVY"), Lin Television Corporation ("Lin Television"), and Media General Broadcasting, LLC[1] ("Media General," and collectively with WAVY and Lin Television, "Defendants"). ECF No. 10. Plaintiff, Jason Dangerfield, alleges in his Second Amended Complaint that statements made or ratified by Defendants constituted libel. Plaintiff seeks $3,000,000 as compensatory damages. 2d Am. Compl., ECF No. 26.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant claim arises from statements allegedly made or ratified by Defendants on or about June 24 and/or June 25, 2015.

---

[1] By Court order, Defendant's name was corrected from "Media General Broadcasting, Inc." to "Media General Broadcasting, LLC." ECF No. 25.

According to Plaintiff, Defendants, by and through their television station, WAVY-TV Channel 10 ("WAVY-10"), and on the WAVY website at http://www.wavy.com, broadcast a report falsely stating that Hampton police arrested Plaintiff on an accusation of rape. Defendants allegedly reported:

> Hampton police have arrested a man accused of rape. According to a warrant, 35-year-old Jason Dangerfield raped a woman inside of her car. It happened back in May while the car was parked on Jefferson Avenue in Newport News. The victim was taken to a local hospital. No further information has been released.

Compl. Ex. 1, ECF No. 1. Plaintiff's photo appeared in the broadcast. Id. Plaintiff asserts that the broadcast is false and constitutes libel *per se*, libel, and libel *per quod*. 2d Am. Comp. ¶ 21-26.

Plaintiff filed a Complaint in this Court on June 17, 2016, asserting that the Court has diversity jurisdiction and alleging libel occurring in this judicial district based upon a defamatory statement made in a permanent medium. ECF No. 1; Libel, Black's Law Dictionary 927 (7th Ed. 1999). Plaintiff amended his Complaint on June 24, 2016. ECF No. 4. On July 29, 2016, Defendants filed a joint motion to dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. Plaintiff filed a response brief to Defendants' motion to dismiss on August 9, 2016, ECF No. 17, and Defendants filed their reply brief on August 15, 2016, ECF No.

18. On October 27, 2016, Plaintiff requested to file a Second Amended Complaint in order to correct a misnomer. ECF No. 19. On the same day, Defendants requested a hearing on their motion to dismiss, ECF No. 21, to which Plaintiff responded on November 2, 2016, ECF No. 23. On November 4, 2016, Plaintiff filed an opposition to Defendants' request for a hearing. ECF No. 24. On November 8, 2016, in accordance with the agreement between the parties, the Court granted Plaintiff's motion to amend and directed the Clerk to file Plaintiff's Second Amended Complaint, correcting the misnomer of a party name, and providing that Defendants' previous motion to dismiss would be deemed responsive to the Second Amended Complaint. ECF No. 25. Thus, pending before the Court are Defendants' motion to dismiss under Rule 12(b)(6), ECF No. 9, and Defendants' request for a hearing on the motion to dismiss, ECF No. 21. Having been fully briefed, these matters are ripe for review.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss may be granted when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007). Though a complaint need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Although the truth of the facts alleged is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

According to Plaintiff, Defendants' broadcast constituted defamation because "Defendants intended to, and did, charge the Plaintiff with being a rapist," which was both false and defamatory. 2d Am. Compl. ¶ 14. In support of their motion to dismiss, Defendants argue that their broadcast is not an

4

actionable statement for a defamation claim under Virginia law[2] because: (A) Defendants' report that police accused Plaintiff of rape is substantially accurate; (B) the inaccuracy concerning Plaintiff's arrest is too minor to support a defamation claim; and (C) Defendants' broadcast is privileged as a fair and substantially accurate summary of a public record. The Court will address each argument in turn.

A.

Defendants argue that the broadcast report is not actionable as defamation because the broadcast did not accuse Plaintiff of being a rapist, but rather stated that Plaintiff was "accused of rape," which is an accurate statement because Plaintiff was accused of rape by the Newport News police and by the victim. Defs.' Opening Br. 1, ECF No. 10. Plaintiff alleges that "Defendants intended to, and did, charge the Plaintiff with <u>being a rapist</u>," 2d Am. Compl. ¶ 14, an accusation that is "both false and defamatory, as Plaintiff was neither arrested for rape . . . , nor was he accused of rape by the Hampton Police Department," Pl.'s Resp. Br. 4.

Under Virginia law, "a private individual asserting a claim of defamation first must show that a defendant has published a

---

[2] A federal court exercising diversity jurisdiction applies the substantive law of the forum state. <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965). As Virginia is the forum state, the Court applies Virginia law in its analysis of Plaintiff's defamation claim.

false factual statement that concerns and harms the plaintiff or the plaintiff's reputation." Hyland v. Raytheon Tech. Servs. Co., 670 S.E.2d 746, 750 (Va. 2009). The elements of defamation under Virginia law are: "(1) publication of (2) an actionable statement with (3) the requisite intent." Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993) (citing Gazette, Inc. v. Harris, 325 S.E.2d 713 (Va. 1985)). Defendants challenge element two, arguing that the broadcast does not constitute "an actionable statement." Defs.' Opening Br. 6. An actionable statement is a statement that is both false and defamatory. Chapin, 993 F.2d at 1092.

Plaintiff first alleges that the broadcast allegations are false. 2d Am. Compl. ¶ 15. To demonstrate falsity, the plaintiff must allege that the defendant made a "provably false factual statement[]" and that "the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based." Hyland, 670 S.E.2d at 750. A false statement is a statement about which the facts are not "substantially true" or contain more than mere "irrelevant inaccuracies." Chapin, 993 F.2d at 1092. Moreover, "[t]he falsity of a statement and the defamatory 'sting' of the publication must coincide—that is, where the alleged defamatory 'sting' arises from substantially

6

true facts, the plaintiff may not rely on minor or irrelevant inaccuracies to state a claim for libel." Id. On a motion to dismiss a defamation suit on the basis that a statement is not actionable, the court must "credit the plaintiff's allegation of the factual falsity of a statement," unless the allegation of falsity is vague and conclusory or contradicts an external document incorporated into the complaint. Id. (citing Conley v. Gibson, 355 U.S. 41 (1957)); see E.I. du Pont, 637 F.3d at 448.

Defendants' broadcast consists of basically two assertions: (1) that Plaintiff was accused of rape, and (2) that Plaintiff was arrested for rape. See 2d Am. Compl. at ¶ 11 ("Hampton police have arrested a man accused of rape."). According to Plaintiff, both assertions are false because Plaintiff (1) did not commit the crime of rape, (2) was never accused of rape, (3) even if he was accused, was not accused by the Hampton Police, as reported by Defendants, and (4) was never arrested for rape. Id. at ¶¶ 11, 14.

Defendants first argue that the broadcast did not directly accuse Plaintiff of rape, and the broadcast cannot be interpreted beyond its plain meaning. Defs.' Opening Br. 7. It is a "general rule that allegedly defamatory words are to be taken in their plain and natural meaning." Carwile v. Richmond Newspapers, 82 S.E.2d 588, 591-92 (Va. 1954). Moreover, "the meaning of the alleged defamatory language can not, by innuendo,

7

be extended beyond its ordinary and common acceptation." Id. Defendants' broadcast stated that Plaintiff was "accused of rape." 2d Am. Compl. ¶ 11. Plaintiff may not extrapolate beyond the "plain and natural" meaning of words to claim that Defendants' broadcast stated that Plaintiff <u>was</u> a "rapist." See Carwile, 82 S.E.2d at 591-92. Further, because a "fair and accurate" newspaper report of criminal proceedings is privileged, Times-Dispatch Publ'g Co. v. Zoll, 139 S.E. 505, 507 (Va. 1927), Defendants' report that Plaintiff was "accused of rape" by police is privileged if substantially accurate.

Next, Defendants argue that Plaintiff was accused of rape by the Newport News police and by the victim, and thus the broadcast cannot be actionable as defamation because it is substantially accurate.[3] See Defs.' Opening Br. 7. Plaintiff

---

[3] To support this argument, Defendants attach to their opening brief the warrant papers referenced by Plaintiff. Defs.' Opening Br., Ex. A, Aff. for Search Warrant, at 2, ECF No. 10-1. On a motion to dismiss, "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont, 637 F.3d at 448 (citing Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)). When a document is "integral to and explicitly relied on in the complaint," and the opposing party does not challenge the authenticity, a court may consider a document outside the complaint when evaluating a motion to dismiss. Id. at 448 (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)). Although Plaintiff did not attach the warrant papers to his complaint, he explicitly references the warrant and alleges that it was reckless of Defendants to report that Plaintiff had been arrested for rape when a simple Internet search would have shown otherwise. 2d Am. Compl. ¶ 15 ("[T]he Newport News Police Department issued a search warrant . . . . A check by the Defendants with any one of the several sources of such information would have revealed Plaintiff had not been arrested for rape. . ."). Finally, when an external document that is incorporated into the complaint conflicts with Plaintiff's allegations, the external document controls. See Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991) (citing 2A Moore's Federal Practice, ¶ 10.06, p. 10-24). Thus, the Court considers the warrant papers in resolving the

8

alleges that he was never formally accused of rape, and alternatively, even if he was accused, he was never accused by the Hampton Police, as reported by Defendants. Pl.'s Resp. Br. 4. While the word "accused" may mean someone who has been formally indicted on criminal charges, it also broadly means "[s]omeone who has been blamed for wrongdoing." Accused, Black's Law Dictionary (10th ed. 2014). Police "blamed" Plaintiff for the wrongdoing-rape-in the warrant papers. See Defs.' Opening Br., Ex. A, Aff. for Search Warrant, at 2, ECF No. 10-1 ("Ex. A"). In his affidavit in support of the search warrant, Master Police Detective M. R. Punter stated that detectives completed an investigation which showed that Plaintiff had nonconsensual sex with the victim.[4] Id. Moreover, according to the warrant papers, the victim's statements were "consistent" with the detective's investigation and were "corroborated through [the] investigation." Id. Thus, while Plaintiff alleges that the statement was false because the police never actually accused him of rape, Pl.'s Resp. Br. 4, the warrant papers show that the Newport News police explicitly

---

pending motion to dismiss because Plaintiff himself relies upon the warrant papers and does not challenge their authenticity. See 2d Am. Compl. ¶ 15; Pl.'s Resp. Br. 8 (referring to the search warrant issued for Plaintiff's DNA).

[4] The affidavit stated: "Detectives conducted an investigation which revealed that on May 17, 2015, sometime between 0100-0230 hours [Plaintiff] inserted his penis into [the victim's] vagina without her consent. [Plaintiff] continued to have vaginal sexual intercourse with [the victim] without her consent." Ex. A at 2.

9

blamed Plaintiff for rape and requested a search warrant on the basis of that accusation, Ex. A at 2.

Because the Newport News police blamed Plaintiff for rape in the search warrant papers, Defendants' broadcast report that Plaintiff was "accused of rape" is substantially accurate, and thus is not an actionable statement of defamation. Moreover, Plaintiff fails to explain how any "defamatory sting" arises from the misidentification of the police department as Hampton instead of Newport News. See Chapin, 993 F.2d at 1092 (requiring that "[t]he falsity of a statement and the defamatory 'sting' of the publication must coincide" because a substantially true statement is not an actionable statement of defamation). Therefore, because the Newport News police accused Plaintiff of rape and because Plaintiff fails to explain how any defamatory sting arises from the misidentification of the police department, the broadcast report that Plaintiff was "accused" of rape is not actionable as defamation because the assertion is substantially accurate.

Last, Plaintiff alleges that the broadcast was false in stating that Plaintiff was arrested for rape. 2d Am. Compl. ¶ 11. The Newport News Police Department issued a search warrant for Plaintiff's DNA on June 11, 2015, but Plaintiff was never arrested for the alleged rape. Id. at ¶ 15. Nevertheless, nearly two weeks later, Defendants published a

10

broadcast stating that "Hampton police have arrested a man accused of rape," referring to Plaintiff. Id. at ¶ 11. Defendants appear to agree that the report of Plaintiff's arrest was inaccurate. Defs.' Opening Br. 8. Thus, for purposes of resolving the pending motion to dismiss, the Court "credit[s] . . . Plaintiff's allegation of the factual falsity" of the report of arrest. See Chapin, 993 F.2d at 1092.

For the above stated reasons, Defendants' motion to dismiss the portion of Plaintiff's claim that is based upon the report that Plaintiff was accused of rape is **GRANTED**, because the report is substantially accurate, and therefore not an actionable statement of defamation. Therefore, "Count I: Libel Per Se"[5] and "Count III: Libel Per Quod," are **DISMISSED**, because both counts arise from Defendants' statement that Plaintiff was accused of rape. Likewise, any portion of Count II which depends upon the report that Plaintiff was accused of rape is **DISMISSED**. While the Court credits Plaintiff's allegation that the report of his arrest was false, it must still address Defendants' argument that it was not defamatory.

B.

Defendants argue that the broadcast report that Plaintiff was "arrested" is not an actionable statement of defamation

---

[5] Plaintiff's complaint lists "Count II: Libel Per Se" and "Count II: Libel." 2d Am. Compl. 8. The designation of "Libel Per Se" as Count II is assumed to be a typographical error, and the Court refers to "Libel Per Se" as "Count I: Libel Per Se."

11

because, while it may be false, it is not defamatory. Defs.' Opening Br. 8. In addition to being false, a statement must be defamatory in order to be actionable. Chapin, 993 F.2d at 1092. Unlike falsity, "[t]he question [of] whether a statement is capable of having a defamatory meaning is a question of law to be decided by the court." Hatfill v. N.Y. Times Co., 416 F.3d 320, 330 (4th Cir. 2005) (citing Yeagle v. Collegiate Times, 497 S.E.2d 136, 138 (Va. 1998)). The Court may determine either (1) that a statement is defamatory as a matter of law ("*per se* defamatory"), or (2) that a statement is capable of a defamatory meaning, with the jury ultimately determining whether the statement harmed the Plaintiff's reputation. See id. A false statement that is either defamatory *per se* or capable of a defamatory meaning and that harmed the Plaintiff's reputation is an actionable statement of defamation. Chapin, 993 F.2d at 1092.

In Virginia, some statements are defamatory *per se*. Yeagle, 497 S.E.2d at 138. Once a plaintiff proves defamation *per se*, "Virginia law presumes that the plaintiff suffered actual damage to its reputation and, therefore, [the plaintiff] does not have to present proof of such damages." Swengler v. ITT Corp. Electro-Optical, *741 Products Div., 993 F.2d 1063, 1071 (4th Cir. 1993) (citing Fleming, 275 S.E.2d at 636). Virginia recognizes four categories of *per se* defamation:

12

imputation of a criminal offense, imputation of a contagious disease, imputation of unfitness for a job or lack of integrity, or prejudice to the party in her profession or trade. Perk v. Vector Resources Group, Ltd., 485 S.E.2d 140, 144 (Va. 1997). In "Count II: Libel," Plaintiff makes no assertion that the false report of his arrest constitutes defamation *per se*, only that it constitutes defamation.[6] 2d Am. Compl. ¶¶ 23-24.

If the statement is not *per se* defamatory with presumed damages, for Plaintiff to sufficiently allege a defamatory meaning, the Court must find that the false statement is <u>capable of having a defamatory meaning</u> and that Plaintiff has pled <u>actual damage</u> to his reputation. See Hatfill, 416 F.3d at 330; Swengler, 993 F.2d at 1071. Defendants argue that the false allegation of arrest is not capable of a defamatory meaning because the truth—that police executed a search warrant for Plaintiff's DNA—would not "have a different effect on the mind of the reader" than stating that Plaintiff was arrested for rape. Defs.' Opening Br. 8; see Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517 (1991) ("[A] statement is not considered false unless it 'would have a different effect on the mind of the reader from that which the pleaded truth would have

---

[6] To the extent that Plaintiff argues that the report that he was accused of rape constitutes defamation *per se*, the Court need not address such arguments in light of the Court's holding that the report that Plaintiff "was accused of rape" is substantially accurate, and thus not an actionable statement of defamation. See *supra* Part A.

13

produced.'") (quoting R. Sack, Libel, Slander, and Related Problems 138 (1980)). However, Defendants' argument fails because a false report of arrest is capable of having a defamatory meaning. Times-Dispatch, 139 S.E. at 506 (noting that all of the parties agreed that it was libelous to falsely report that the plaintiff was arrested instead of correctly reporting that plaintiff was the subject of a search warrant); see Vaughan v. News Leader Co., 105 F.2d 360, 363 (4th Cir. 1939) ("Absolute accuracy in identifying a person charged with a crime is necessary in order that some innocent person may not suffer."); News Leader Co. v. Kocen, 3 S.E.2d 385, 388 (Va. 1939) (holding that an individual who was wrongly reported as arrested was "entitled to vindication" for the violation of her rights).

Next, to plead actual damage to reputation based upon a statement that is capable of defamatory meaning, Plaintiff must allege that Defendants made a statement that "tend[s] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Chapin, 993 F.2d at 1092 (internal quotation marks omitted). "[D]efamatory words are those that 'make the plaintiff appear odious, infamous, or ridiculous.'" Id. (quoting McBride v. Merrell Dow and Pharmaceuticals, Inc., 540 F. Supp. 1252, 1254 (D.D.C. 1982)). Finally, "[t]he falsity of

14

a statement and the defamatory 'sting' of the publication must coincide." Id. Here, in "Count II: Libel," Plaintiff alleges that the false report of his arrest did, in fact, hold him up to public scandal and ridicule, and has caused him embarrassment, humiliation and mental suffering. 2d Am. Compl. ¶ 24. According to Plaintiff, he has suffered an actual injury to reputation, stating that Defendants' statements "are causing and will cause the Plaintiff injury to his reputation, name and have held, and will hold, him up to public scandal, and/or ridicule, and have caused, are causing and will cause him embarrassment, humiliation and mental suffering." Id.

Therefore, because a false report of arrest is capable of defamatory meaning and Plaintiff has pled actual damage to his reputation, Plaintiff has sufficiently alleged that Defendants' report of Plaintiff's arrest is defamatory. Having sufficiently alleged that Defendants' report of Plaintiff's arrest is both false and defamatory, Plaintiff has pled a claim based upon an actionable statement of defamation, and Defendants' motion to dismiss "Count II: Libel" on this ground is DENIED.

C.

Alternatively, Defendants argue that even if the broadcast constitutes an actionable statement of defamation, Defendants may not be held liable because the broadcast was privileged as a substantially accurate report of a public record. Defs.'

15

Opening Br. 7. According to Defendants, the broadcast "expressly states that it is summarizing the warrant papers . . ., and a review of the warrant papers confirms that [the broadcast's] summary of them was fair and accurate" because Plaintiff was accused of rape by the police and the inaccuracy regarding the false report of Plaintiff's arrest is not linked to the "defamatory sting" of the broadcast. Id. Plaintiff argues that the statement is not privileged because Plaintiff was never arrested for rape, and therefore the broadcast is not a fair and accurate report of a public record.[7] Pl.'s Resp. Br. 8-9.

Virginia law recognizes a privilege for publication of public records: "The publication of public records to which everyone has a right of access is privileged, if the publication is a fair and substantially correct statement of the transcript of the record." Alexandria Gazette Corp. v. West, 93 S.E.2d 274, 279 (Va. 1956). "'It is not necessary that the published

---

[7] Plaintiff additionally argues that, to the extent that Defendants' broadcast was substantially accurate, any privilege that the Defendants may have enjoyed was forfeited by Defendants' "reckless disregard of the truth." Pl.'s Resp. Br. 8-9. Plaintiff notes that in the two weeks between the issuance of the search warrant and the publication of Defendants' broadcast, a brief Internet search of the websites of the Newport News Police Department, the Newport News Sheriff's Department, the Newport News Police Department Information Office, the Newport News Circuit Court, and the Newport News General District Court, would have shown that Plaintiff had not been arrested for rape. 2d Am. Compl. ¶ 15. Plaintiff argues that failing to do a simple Internet search to verify the accuracy of the broadcast constituted "gross indifference and recklessness as to amount to a wanton and willful disregard of the Plaintiff's reputation." Id. at ¶ 16. Because the Court holds that the false report of Plaintiff's arrest is not substantially accurate and therefore not privileged, any argument with respect to Defendants' abuse of privilege is moot.

16

report be verbatim, but it must be substantially correct.'" Id. (quoting James v. Powell, 152 S.E. 539, 545 (Va. 1930)). The need for substantial correctness extends to identifying persons charged with criminal offenses. As the Virginia Supreme Court noted in Kocen, "[t]he fact that defendant was engaged in publishing the proceedings of a criminal case, which is a matter of more or less public concern, does not relieve it of the duty of being fair and accurate in identifying persons charged with criminal offenses." Kocen, 3 S.E.2d at 388. It is for the court to determine, as a matter of law, whether a statement is privileged, while it is for a jury to determine whether the Defendants acted with malice and abused or exceeded the privilege. Alexandria Gazette, 93 S.E.2d at 279.

Plaintiff has alleged that Defendants' statement that Plaintiff was arrested is factually false. 2d Am. Compl. ¶ 11. As discussed above, a false report of arrest is capable of its own defamatory sting. See supra Part B. Because a false report of arrest may carry its own defamatory sting, Defendants' broadcast cannot be privileged as it is not a "fair and accurate report" of the public record. Alexandria Gazette, 93 S.E.2d at 279; see Vaughan, 105 F.2d 360 at 363 (noting the importance of absolute accuracy in correctly reporting the identity of a person arrested). Therefore, for the above reasons, Defendants' false report of Plaintiff's arrest is not privileged, and

17

Defendants' motion to dismiss "Count II: Libel" on this ground is **DENIED**.

### D.

Plaintiff asserts that, under the Local Rules of this Court, Defendants' failure to timely request, or waive, oral argument on Defendants' motion to dismiss results in such motion being deemed "withdrawn." Pl's Resp. Br. to Defs.' Request for Hearing on Mot. to Dismiss, ECF No. 24; E.D. Va. Loc. Civ. R. 7(E). The Local Rule relied on by Plaintiff, however, expressly indicates that such Rule is applicable "[u]nless otherwise ordered." Id. The undersigned Judge, both through practice, and through the "Procedure for Civil Motions" document published on this Court's public website, has adopted a practice whereby "[a]bsent a request for a hearing," all civil motions that are not discovery related "will be referred automatically" to chambers for consideration. Procedure for Civil Motions, Chambers of Mark S. Davis, *available at* http://www.vaed.uscourts.gov/localrules/Procedures%20for%20Civil%20Motions%20-%20Judge%20Davis.pdf. To the extent that such document is insufficient to qualify as an "Order" under the Local Rule, this Court hereby **ORDERS** that the withdrawal provision set forth in Local Rule 7(E) is inapplicable in this case.

18

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part. ECF No. 9. Defendants' motion to dismiss "Count I: Libel *Per Se*" and "Count III: Libel *Per Quod*," is **GRANTED**, because both counts arise from Defendants' statement that Plaintiff was <u>accused</u> of rape. Likewise, Defendants' motion to dismiss any portion of "Count II: Libel" which depends upon the report that Plaintiff was <u>accused</u> of rape is **GRANTED**. Defendants' motion to dismiss the portion of "Count II: Libel" which depends upon the report that Plaintiff was <u>arrested</u> for rape is **DENIED**. Defendant's motion for a hearing on the motion to dismiss is **DENIED as MOOT**. ECF No. 21.

The Court **PROVIDES** Plaintiff with leave to amend the Complaint to cure all defects within twenty one (21) days after the entry of this Opinion and Order. If Plaintiff fails to adequately amend the Complaint within the period prescribed, Plaintiff's claims will be dismissed with prejudice consistent with this Opinion and Order.

19

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 4, 2017